IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-06-153-R |
| | ) |
| MARK E. BROWN | ) |
| | ) |
| Defendant-Movant. | ) |

## ORDER

Before the Court is Defendant Brown's Motion to Vacate, Set Aside, or Correct Sentence, Doc. No. 139, filed pursuant to 28 U.S.C. § 2255. The Government has responded in opposition to the motion, Doc. No. 141, and Mr. Brown has replied, Doc. No. 142. Upon review of the parties' submissions, the Court denies Mr. Brown's motion.

On April 8, 2009, Mr. Brown was convicted of attempted robbery in violation of the Hobbs Act, 18 U.S.C. 1951(a) (Count 1) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. 924(c)(1)(A)(ii) (Count 2). Doc. Nos. 84–85. Thereafter, he was sentenced to a term of imprisonment of 384 months. *Id.* The Tenth Circuit affirmed Mr. Brown's conviction and sentence, Doc. No. 107, and the Supreme Court denied his Petition for Writ of Certiorari, Doc. No. 111. On June 30, 2016, he filed an application for authorization to file a second or successive motion under 28 U.S.C. § 2255 based on the U.S. Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). *See* Doc. No. 136. The Tenth Circuit abated the case pending the outcome of the U.S. Supreme Court's decision in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019). *Id.* On

1

October 30, 2019, the Tenth Circuit lifted the abatement and found that Mr. Brown's request to file a second or successive §2255 motion was unnecessary because he had not previously filed an initial § 2255 motion. *Id.* On November 1, 2019, the Court permitted Mr. Brown to withdraw or amend his § 2255 filing. Doc. No. 138. Mr. Brown then filed the § 2255 motion now before the Court, asking the Court to vacate Count 2 of his conviction.

28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Generally, however, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

In his motion, Mr. Brown introduces claims not raised on direct appeal. He argues that cause and prejudice exist because his collateral challenge relates to a retroactively applicable Supreme Court case decided after his conviction. The Government does not object. The Court thus proceeds to the merits of Mr. Brown's motion. Therein, Mr. Brown claims that his conviction for brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) is invalid based upon the U.S. Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). In that decision, the Supreme Court evaluated the constitutionality of § 924(c)(3)(B).

> [18 U.S.C. § 924(c)] authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause, and the second the residual clause. According to § 924(c)(3), a crime of violence is "an offense that is a felony" and
>> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>> "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*Id.* at 2324. The Supreme Court ultimately held that the residual clause in §924(c)(3)(B) was unconstitutionally vague. *Id.* at 2336. Mr. Brown alleges that his §924(c)(1) conviction and sentence implicate § 924(c)(3)(B)'s residual clause, and as a result, his conviction must be vacated.

Mr. Brown's conviction and sentence pursuant to § 924(c)(1)(A)(ii) does not implicate § 924(c)(3)(B)'s residual clause. That conviction and sentence was based on Hobbs Act robbery, *see* Doc. No. 59, p. 17, which is a "crime of violence under the elements clause of § 924(c)(3)." *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 n.4 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 494 (2018); *see also United States v. Crawford*, No. CIV-16-752-M, 2018 WL 1123879, at *2 (W.D. Okla. Mar. 1, 2018) (finding the same regarding *attempted* Hobbs Act robbery); *United States v. Johnson*, No. 2:12-cr-00336-JAD-CWH, 2018 WL 3518448, at *4 (D. Nev. July 19, 2018) ("All other courts that have decided this issue agree that if completed Hobbs Act robbery is a crime of violence, then so is attempted Hobbs Act robbery." (listing cases)). The Supreme Court's decision in *Davis*—which invalidated the residual clause but left the elements clause

3

intact—is thus not relevant to Mr. Brown's conviction. Tenth Circuit precedent confirms this conclusion. *See Melgar-Cabrera*, 892 F.3d at 1060 n.4 (noting that the Tenth Circuit's pre-*Davis* holding in *United States v. Salas*, 889 F.3d 681, 687–88 (10th Cir. 2018) that § 924(c)(3)(B)'s residual clause was void for vagueness "does not affect [defendant's] appeal given our conclusion that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)."); *see also United States v. Foust*, No. 09-10100-MLB, 2019 WL 3943063, at *1 (D. Kan. Aug. 21, 2019) (finding, after *Davis*, that defendant's § 924(c)(1) conviction based upon Hobbs Act robbery was a crime of violence pursuant to § 924(c)(3)(A)'s elements clause and thus constitutionally proper).

In reply, Mr. Brown alleges that he does not contest the Tenth Circuit precedent mentioned above. Doc. No. 142, pp. 2.[1] He suggests, however, that the Court should ignore this precedent—decided after his sentencing—and instead look to the relevant background legal environment at the time of sentencing to determine if the Court may have relied on the residual clause. Doc. No. 142, p. 3–4 (citing *U.S. v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017)). He argues that after such an examination, it will become clear that the Court relied on the now-invalidated residual clause in finding attempted Hobbs Act robbery to be a crime of violence. The Court disagrees.

---

[1] In his motion, Mr. Brown did argue that Hobbs Act robbery should not be considered a crime of violence under § 924(c)(3)'s elements clause. Doc. No. 139, pp. 4–9. It appears, however, that Mr. Brown has abandoned this argument. And rightly so. His argument is foreclosed by Tenth Circuit precedent which, as mentioned above, dictates that "Hobbs Act robbery is categorically a 'crime of violence' under § 924(c)(3)'s elements clause." *United States v. Harris*, 761 F. App'x 852, 854 (10th Cir. 2019).

4

Determining whether a sentencing court relied on the residual clause requires a reviewing court to examine "(1) 'the sentencing record to confirm that there is no mention whatsoever of the residual clause in the PSR or any of the other sentencing court pleadings or transcripts,' and (2) 'the relevant background legal environment at the time of sentencing to determine whether the district court would have needed to rely on the residual clause.'" *United States v. Copeland*, 921 F.3d 1233, 1242 (10th Cir. 2019) (quoting *United States v. Driscoll*, 892 F.3d 1127, 1132 (10th Cir. 2018). Mr. Brown bears the burden of proving by a preponderance of the evidence that the court relied on the residual clause. *Id.*[2]

First, Mr. Brown does not point the Court to anything in the record that would indicate the Court relied on the residual clause at sentencing. Moreover, upon its own review, the Court cannot find anything in the PSR or any of the other sentencing pleadings or transcripts that suggests the Court relied on the residual clause at sentencing.

Second, Mr. Brown acknowledges that the controlling background law is not entirely clear here. Neither the U.S. Supreme Court nor the Tenth Circuit had directly or indirectly answered the question of whether Hobbs Act robbery or attempted Hobbs Act robbery was a crime of violence under § 924(c)(3)(A)'s elements clause by 2009—when Mr. Brown was sentenced. By that time, however, several other federal courts had answered a version of that question, providing support for a finding that Hobbs Act robbery or attempted Hobbs Act robbery was appropriately considered a crime of violence under

---

[2] Recent decisions within the Tenth Circuit suggest that this analysis may not be relevant where, as here, the Circuit has clearly spoken to the issue. *See Melgar-Cabrera*, 892 F.3d at 1060 n.4; *Foust*, 2019 WL 3943063, at *1. The Court need not, however, decide whether the analysis is required or not. Even if this analysis is required here, the Court disagrees with Mr. Brown's assessment and his motion is thus subject to denial.

5

§ 924(c)(3)(A)'s elements clause. *See, e.g., United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (noting that Hobbs Act robbery "indisputably qualifies as a crime of violence" because it contains the elements of actual or threatened force, or violence); *see also United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996) (explaining that attempted Hobbs Act robbery is a serious violent felony—akin to a crime of violence—because it "has as an element the use, attempted use, or threatened use of physical force against the person of another"); *United States v. Morales-Machuca*, 546 F.3d 13, 21 (1st Cir. 2008) (stating that Hobbs Act robbery is crime of violence for purposes of § 924(c)(1)(A)).

The Court finds this legal background sufficient to indicate that the Court would not have needed to rely on § 924(c)(3)(B)'s residual clause at sentencing in finding that attempted Hobbs Act robbery was a crime of violence; there was precedent demonstrating that reliance on § 924(c)(3)(A)'s elements clause was not only permissible, but appropriate. At the very least, the background law described above precludes the Court from finding that Mr. Brown has satisfied his burden of "proving by a preponderance of the evidence that it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *See Copeland*, 921 F.3d at 1242 (internal quotation marks omitted); *see also Driscoll*, 892 F.3d at 1135 (noting that the movant meets his burden to show the sentencing court relied on the residual clause by establishing that the background law did not permit reliance on other clauses).

For the foregoing reasons, the Court hereby denies Defendant Brown's Motion to Vacate, Set Aside, or Correct Sentence, Doc. No. 139, filed pursuant to 28 U.S.C. § 2255.

6

**IT IS SO ORDERED** this 13th day of August 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE